# EXHIBIT A

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, E

FILED
11/18/2022 3:07 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L010364
Calendar, E
20370306

FILED DATE: 11/18/2022 3:07 PM   2022L010364

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                      (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Kalman Michael Benjamin and Rivka Benjamin

_____
                                    Plaintiff(s)

                    v.

Gusar LLC, et. al.

_____
                                    Defendant(s)

Amazon.Com Services, LLC f/k/a
Amazon.Com, LLC and Amazon.Com, Inc.
_____
                        Address of Defendant(s)

Case No.   2022 L 010364
_____

Registered Agent: Corporation Service Company
251 Little Falls Drive, Wilmington, DE 19808

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

**Summons - Alias Summons**                                          **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:** Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 65400

◯ Pro Se 99500

Name: Thomas G. Siracusa | Power Rogers, LLP

Atty. for (if applicable):

Plaintiffs

Address: 70 West Madison, Suite 5500

City: Chicago

State: IL    Zip: 60602

Telephone: 312-236-9381

Primary Email: tsiracusa@powerrogers.com

Witness date _____

11/18/2022 3:07 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:　(312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:　(312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:　(312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
　　　　　OR
　　　　　ChildSupCourtDate@cookcountycourt.com
Gen. Info:　(312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:　(312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:　(312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:　(312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:　(847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:　(847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:　(708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:　(708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:　(708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 3

All Law Division initial Case Management Dates will be heard via Zoom. **In Person Jury**
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 1/19/2023 9:00 AM

FILED
11/18/2022 1:30 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L010364
Calendar, E
20367175

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

Kalman Michael Benjamin and
Rivka Benjamin,

Plaintiffs,

v.

Gusar LLC, Vaxxen Labs Incorporated,
MedLab International, Inc., Amazon.Com Services, LLC
f/k/a Amazon.Com, LLC and Amazon.Com, Inc.,

Defendants.

<u>COMPLAINT AT LAW</u>

<u>COUNT I</u>

(Kalman Michael Benjamin - Strict Liability - Gusar, LLC)

Now Comes Plaintiff Kalman Michael Benjamin (hereafter Michael), complaining of Gusar, LLC (hereafter Gusar), pleading hypothetically and in the alternative, states as follows.

1. On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2. On and before September 8, 2021, Gusar was a foreign corporation doing business in Cook County, Illinois.

3. On and before September 8, 2021, Gusar was in the business of designing Colsen fire pits.

4. On and before September 8, 2021, Gusar was in the business of manufacturing Colsen fire pits.

5. On and before September 8, 2021, Gusar was in the business of distributing Colsen fire pits, including to Illinois residents.

6. On and before September 8, 2021, Gusar advertised Colsen fire pits in Illinois.

FILED DATE: 11/18/2022 1:30 PM    2022L010364

7. Before September 8, 2021, Gusar formulated and provided instructions for the use of Colsen fire pits.

8. Before September 8, 2021, Gusar formulated and provided warnings related to the use of Colsen fire pits.

9. Before September 8, 2021, Gusar recommended fuel sources for Colsen fire pits.

10. On and before September 8, 2021, Gusar approved of the use of 99% isopropyl alcohol to fuel Colsen fire pits.

11. On and before September 8, 2021, Gusar knew or should have known that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

12. On and before September 8, 2021, Gusar knew or should have known of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

13. On and before September 8, 2021, Gusar knew or should have known of the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

14. In August 2021, Rivka and Michael Benjamin purchased a Colsen fire pit.

15. On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

16. On or about September 8, 2021, Michael was using the Colsen fire pit according to instructions.

17. On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with 99% isopropyl alcohol.

18. On or about September 8, 2021, an explosion occurred while Michael was fueling

2

the Colsen fire pit.

19. On or about September 8, 2021, Michael was injured because of the explosion.

20. At all times alleged, the Colsen fire pit was unreasonably dangerous in one or more of the following respects:

    a. It utilized an unsafe combustion source; or

    b. It lacked safety features to prevent against fire or explosion during fueling; or

    c. It lacked adequate or proper instructions or warnings.

21. As a proximate cause of the one or more of the aforesaid unreasonably dangerous conditions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

WHEREFORE, Plaintiff Kalman Michael Benjamin demands judgment against Defendant Gusar, LLC in an amount of in excess of Fifty Thousand Dollars as shall represent just compensation.

## COUNT II

(Rivka Benjamin - Strict Liability - Gusar, LLC)

Now Comes Plaintiff Rivka Benjamin, complaining of Gusar, LLC (hereafter Gusar), pleading hypothetically and in the alternative, states as follows.

1. On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2. On and before September 8, 2021, Gusar was a foreign corporation doing business in Cook County, Illinois.

3

FILED DATE: 11/18/2022 1:30 PM    2022L010364

3.    On and before September 8, 2021, Gusar was in the business of designing Colsen fire pits.

4.    On and before September 8, 2021, Gusar was in the business of manufacturing Colsen fire pits.

5.    On and before September 8, 2021, Gusar was in the business of distributing Colsen fire pits, including to Illinois residents.

6.    On and before September 8, 2021, Gusar advertised Colsen fire pits in Illinois.

7.    Before September 8, 2021, Gusar formulated and provided instructions for the use of Colsen fire pits.

8.    Before September 8, 2021, Gusar formulated and provided warnings related to the use of Colsen fire pits.

9.    Before September 8, 2021, Gusar recommended fuel sources for Colsen fire pits.

10.    On and before September 8, 2021, Gusar approved of the use of 99% isopropyl alcohol to fuel Colsen fire pits.

11.    On and before September 8, 2021, Gusar knew or should have known that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

12.    On and before September 8, 2021, Gusar knew or should have known of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

13.    On and before September 8, 2021, Gusar knew or should have known of the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

14.    In August 2021, Rivka and Michael Benjamin purchased a Colsen fire pit.

4

FILED DATE: 11/18/2022 1:30 PM   2022L010364

15. On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

16. On or about September 8, 2021, Michael was using the Colsen fire pit according to instructions.

17. On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with 99% isopropyl alcohol.

18. On or about September 8, 2021, an explosion occurred while Michael was fueling the Colsen fire pit.

19. On or about September 8, 2021, Michael was injured because of the explosion.

20. At all times alleged, the Colsen fire pit was unreasonably dangerous in one or more of the following respects:

    a. It utilized an unsafe combustion source; or

    b. It lacked safety features to prevent against fire or explosion during fueling; or

    c. It lacked adequate or proper instructions or warnings.

21. As a proximate cause of the one or more of the aforesaid unreasonably dangerous conditions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

22. At all times alleged, Rivka Benjamin was married to Michael.

23. As a proximate cause of one or more of the aforesaid unreasonably dangerous conditions, Rivka Benjamin has been deprived of the society, companionship and support of her husband, Michael.

5

FILED DATE: 11/18/2022 1:30 PM   2022L010364

WHEREFORE, Plaintiff Rivka Benjamin demands judgment against Gusar, LLC in an amount of in excess of Fifty Thousand Dollars as shall represent just compensation.

## COUNT III

(Kalman Michael Benjamin - Negligence - Gusar, LLC)

Now Comes Plaintiff Kalman Michael Benjamin (hereafter Michael), complaining of Gusar, LLC, (hereafter Gusar), pleading hypothetically and in the alternative, states as follows.

1. On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2. On and before September 8, 2021, Gusar was a foreign corporation doing business in Cook County, Illinois.

3. On and before September 8, 2021, Gusar was in the business of designing Colsen fire pits.

4. On and before September 8, 2021, Gusar was in the business of manufacturing Colsen fire pits.

5. On and before September 8, 2021, Gusar was in the business of distributing Colsen fire pits, including to Illinois residents.

6. On and before September 8, 2021, Gusar advertised Colsen fire pits in Illinois.

7. Before September 8, 2021, Gusar formulated and provided instructions for the use of Colsen fire pits.

8. Before September 8, 2021, Gusar formulated and provided warnings related to the use of Colsen fire pits.

9. Before September 8, 2021, Gusar recommended fuel sources for Colsen fire pits.

10. On and before September 8, 2021, Gusar approved of the use of 99% isopropyl

6

FILED DATE: 11/18/2022 1:30 PM    2022L010364

alcohol to fuel Colsen fire pits.

11.     On and before September 8, 2021, Gusar knew or should have known that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

12.     On and before September 8, 2021, Gusar knew or should have known of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

13.     On and before September 8, 2021, Gusar knew or should have known of the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

14.     In August 2021, Rivka and Michael Benjamin purchased a Colsen fire pit.

15.     On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

16.     On or about September 8, 2021, Michael was using the Colsen fire pit according to instructions.

17.     On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with 99% isopropyl alcohol.

18.     On or about September 8, 2021, an explosion occurred while Michael was fueling the Colsen fire pit.

19.     On or about September 8, 2021, Michael was injured because of the explosion.

20.     On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the phenomenon of flame jetting as it related to fueling the fire pit.

21.     On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using 99% isopropyl alcohol to fuel the fire pit.

7

22. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using fuel containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

23. On and before September 8, 2021, Gusar should have warned against fueling its fire pits with 99% isopropyl alcohol.

24. On and before September 8, 2021, Gusar should have warned against using fuel containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

25. At all times alleged, Gusar was negligent in one or more of the following respects:

    a. Designing, manufacturing, and distributing a fire pit with an unsafe combustion source; or

    b. Designing, manufacturing, and distributing a fire pit without safety features to prevent against fire or explosion during fueling; or

    c. Designing, manufacturing, and distributing a fire pit without adequate or proper instructions or warnings.

26. As a proximate cause of the one or more of the aforesaid negligent acts or omissions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

WHEREFORE, Plaintiff Kalman Michael Benjamin demands judgment against Gusar, LLC, in an amount of in excess of Fifty Thousand Dollars.

## COUNT IV

(Rivka Benjamin - Negligence - Gusar, LLC)

Now Comes Plaintiff Rivka Benjamin, complaining of Gusar, LLC (hereafter Gusar), pleading hypothetically and in the alternative, states as follows.

8

FILED DATE: 11/18/2022 1:30 PM   2022L010364

1. On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2. On and before September 8, 2021, Gusar was a foreign corporation doing business in Cook County, Illinois.

3. On and before September 8, 2021, Gusar was in the business of designing Colsen fire pits.

4. On and before September 8, 2021, Gusar was in the business of manufacturing Colsen fire pits.

5. On and before September 8, 2021, Gusar was in the business of distributing Colsen fire pits, including to Illinois residents.

6. On and before September 8, 2021, Gusar advertised Colsen fire pits in Illinois.

7. Before September 8, 2021, Gusar formulated and provided instructions for the use of Colsen fire pits.

8. Before September 8, 2021, Gusar formulated and provided warnings related to the use of Colsen fire pits.

9. Before September 8, 2021, Gusar recommended fuel sources for Colsen fire pits.

10. On and before September 8, 2021, Gusar approved of the use of 99% isopropyl alcohol to fuel Colsen fire pits.

11. On and before September 8, 2021, Gusar knew or should have known that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

12. On and before September 8, 2021, Gusar knew or should have known of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

9

FILED DATE: 11/18/2022 1:30 PM 2022L010364

13. On and before September 8, 2021, Gusar knew or should have known of the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

14. In August 2021, Rivka and Michael Benjamin purchased a Colsen fire pit.

15. On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

16. On or about September 8, 2021, Michael was using the Colsen fire pit according to instructions.

17. On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with 99% isopropyl alcohol.

18. On or about September 8, 2021, an explosion occurred while Michael was fueling the Colsen fire pit.

19. On or about September 8, 2021, Michael was injured because of the explosion.

20. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the phenomenon of flame jetting as it related to fueling the fire pit.

21. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using 99% isopropyl alcohol to fuel the fire pit.

22. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using fuel containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

23. On and before September 8, 2021, Gusar should have warned against fueling its fire pits with 99% isopropyl alcohol.

24. On and before September 8, 2021, Gusar should have warned against using fuel

10

containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

25.     At all times alleged, Gusar was negligent in one or more of the following respects:

    a.     Designing, manufacturing, and distributing a fire pit with an unsafe combustion source; or

    b.     Designing, manufacturing, and distributing a fire pit without safety features to prevent against fire or explosion during fueling; or

    c.     Designing, manufacturing, and distributing a fire pit without adequate or proper instructions or warnings.

26.     As a proximate cause of the one or more of the aforesaid negligent acts or omissions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

27.     At all times alleged, Rivka Benjamin was married to Michael.

28.     As a proximate cause of one or more of the aforesaid negligent acts or omissions, Rivka Benjamin has been deprived of the society, companionship and support of her husband, Michael.

WHEREFORE Plaintiff Rivka Benjamin demands judgment against the Gusar, LLC, in an amount of in excess of Fifty Thousand Dollars.

## COUNT V

(Kalman Michael Benjamin - Strict Liability - Vaxxen Labs Incorporated)

Now Comes Plaintiff Kalman Michael Benjamin (hereafter Michael), complaining of Vaxxen Labs Incorporated (hereafter Vaxxen), pleading hypothetically and in the alternative, states as follows.

1.     On or about September 8, 2021, Michael was a resident of Evanston, Cook County,

11

FILED DATE: 11/18/2022 1:30 PM 2022L010364

Illinois.

2. On and before September 8, 2021, Vaxxen was a foreign corporation doing business in Cook County, Illinois.

3. On or about September 8, 2021, Vaxxen manufactured 99% isopropyl alcohol.

4. On and before September 8, 2021, Vaxxen packaged 99% isopropyl alcohol in one-gallon containers.

5. On and before September 8, 2021, Vaxxen distributed 99% isopropyl alcohol, including to Illinois residents.

6. On and before September 8, 2021, Vaxxen advertised its 99% isopropyl alcohol in Illinois.

7. On and before September 8, 2021, Vaxxen approved of its 99% isopropyl alcohol as a fuel source.

8. On and before September 8, 2021, Vaxxen was aware that its 99% isopropyl alcohol was advertised for use in fire pits.

11. On and before September 8, 2021, Vaxxen knew or should have known that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

12. On and before September 8, 2021, Vaxxen knew or should have known of the risk of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

13. On and before September 8, 2021, Vaxxen knew or should have known of the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

14. Before September 8, 2021, Michael purchased Vaxxen 99% isopropyl alcohol for

12

use in a Colsen fire pit.

15.     On or about September 8, 2021, Michael was using the Colsen fire pit as intended and in a manner which was reasonably foreseeable.

16.     On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with Vaxxen's 99% isopropyl alcohol.

17.     On or about September 8, 2021, an explosion occurred while Michael was fueling the fire pit.

18.     On or about September 8, 2021, Michael was injured because of the explosion.

19.     At the times alleged, the Vaxxen isopropyl alcohol was unreasonably dangerous in one or more the following respects:

    a.     It was sold and distributed in a container without a flame arrestor; or

    b.     It was sold and distributed as a fuel source, including for use in fire pits; or

    c.     It was sold and distributed without adequate or proper warnings or instructions.

20.     As a proximate cause of the one or more of the aforesaid unreasonably dangerous conditions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

WHEREFORE, Plaintiff Kalman Michael Benjamin demands judgment against Vaxxen Labs Incorporated in an amount of in excess of Fifty Thousand Dollars.

### COUNT VI

(Rivka Benjamin - Strict Liability - Vaxxen Labs Incorporated)

Now Comes Plaintiff Rivka Benjamin, complaining of Vaxxen Labs Incorporated

13

(hereafter Vaxxen), pleading hypothetically and in the alternative, states as follows.

1. On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2. On and before September 8, 2021, Vaxxen was a foreign corporation doing business in Cook County, Illinois.

3. On or about September 8, 2021, Vaxxen manufactured 99% isopropyl alcohol.

4. On and before September 8, 2021, Vaxxen packaged 99% isopropyl alcohol in one-gallon containers.

5. On and before September 8, 2021, Vaxxen distributed 99% isopropyl alcohol, including to Illinois residents.

6. On and before September 8, 2021, Vaxxen advertised its 99% isopropyl alcohol in Illinois.

7. On and before September 8, 2021, Vaxxen approved of its 99% isopropyl alcohol as a fuel source.

8. On and before September 8, 2021, Vaxxen was aware that its 99% isopropyl alcohol was advertised for use in fire pits.

11. On and before September 8, 2021, Vaxxen knew or should have known that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

12. On and before September 8, 2021, Vaxxen knew or should have known of the risk of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

13. On and before September 8, 2021, Vaxxen knew or should have known of the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to

14

eliminate the risk of flame jetting.

14.     Before September 8, 2021, Michael purchased Vaxxen 99% isopropyl alcohol for use in a Colsen fire pit.

15.     On or about September 8, 2021, Michael was using the Colsen fire pit as intended and in a manner which was reasonably foreseeable.

16.     On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with Vaxxen's 99% isopropyl alcohol.

17.     On or about September 8, 2021, an explosion occurred while Michael was fueling the fire pit.

18.     On or about September 8, 2021, Michael was injured because of the explosion.

19.     At the times alleged, the Vaxxen isopropyl alcohol was unreasonably dangerous in one or more the following respects:

  a.     It was sold and distributed in a container without a flame arrestor; or

  b.     It was sold and distributed as a fuel source, including for use in fire pits; or

  c.     It was sold and distributed without adequate or proper warnings or instructions.

20.     As a proximate cause of the one or more of the aforesaid unreasonably dangerous conditions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

21.     At all times alleged, Rivka Benjamin was married to Michael.

22.     As a proximate cause of one or more of the aforesaid unreasonably dangerous conditions, Rivka Benjamin has been deprived of the society, companionship and support of her

15

husband, Michael.

WHEREFORE, Plaintiff Rivka Benjamin demands judgment against Vaxxen Labs Incorporated in an amount in excess of Fifty Thousand Dollars.

## COUNT VII

(Kalman Michael Benjamin - Negligence -Vaxxen Labs Incorporated)

Now Comes Plaintiff Kalman Michael Benjamin (hereafter Michael), complaining of Vaxxen Labs Incorporated, (hereafter Vaxxen), pleading hypothetically and in the alternative, states as follows.

1.      On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2.      On and before September 8, 2021, Vaxxen was a foreign corporation doing business in Cook County, Illinois.

3.      On or about September 8, 2021, Vaxxen manufactured 99% isopropyl alcohol.

4.      On and before September 8, 2021, Vaxxen packaged 99% isopropyl alcohol in one-gallon containers.

5.      On and before September 8, 2021, Vaxxen distributed 99% isopropyl alcohol, including to Illinois residents.

6.      On and before September 8, 2021, Vaxxen advertised its 99% isopropyl alcohol in Illinois.

7.      On and before September 8, 2021, Vaxxen knew that its 99% isopropyl alcohol was used as a fuel source.

8.      On and before September 8, 2021, Vaxxen was aware that its 99% isopropyl alcohol was advertised for use in fire pits.

16

9.      On and before September 8, 2021, Vaxxen was aware that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

10.     On and before September 8, 2021, Vaxxen knew or should have known of the risk of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

11.     On and before September 8, 2021, Vaxxen knew or should have known of the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

12.     In August 2021, Rivka and Michael Benjamin purchased a Colsen fire pit.

13.     On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

14.     On or about September 8, 2021, Michael was using the Colsen fire pit according to instructions.

15.     On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with Vaxxen's 99% isopropyl alcohol.

16.     On or about September 8, 2021, an explosion occurred while Michael was fueling the Colsen fire pit.

17.     On or about September 8, 2021, Michael was injured because of the explosion.

18.     On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the phenomenon of flame jetting as it related to fueling the fire pit.

19.     On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using 99% isopropyl alcohol to fuel the fire pit.

20.     On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using fuel containers without flame arrestors or some other mechanism to eliminate

17

FILED DATE: 11/18/2022 1:30 PM    2022L010364

the risk of flame jetting.

21. On and before September 8, 2021, Vaxxen should have warned against fueling fire pits with 99% isopropyl alcohol.

22. At the times alleged, Vaxxen was negligent in one or more of the following respects:

    a. Selling and distributing 99% isopropyl alcohol in a container without a flame arrestor; or

    b. Selling and distributing 99% isopropyl alcohol without adequate or proper instructions or warnings.

23. As a proximate cause of the one or more of the aforesaid negligent acts or omissions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

WHEREFORE, Plaintiff Kalman Michael Benjamin demands judgment against Vaxxen Labs, Incorporated in an amount of in excess of Fifty Thousand Dollars.

## COUNT VIII

(Rivka Benjamin - Negligence - Vaxxen Labs, Incorporated)

Now Comes Plaintiff Rivka Benjamin, complaining of Vaxxen Labs, Incorporated (hereafter Vaxxen), pleading hypothetically and in the alternative, states as follows.

1. On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2. On and before September 8, 2021, Vaxxen was a foreign corporation doing business in Cook County, Illinois.

18

FILED DATE: 11/18/2022 1:30 PM    2022L010364

3.      On or about September 8, 2021, Vaxxen manufactured 99% isopropyl alcohol.

4.      On and before September 8, 2021, Vaxxen packaged 99% isopropyl alcohol in one-gallon containers.

5.      On and before September 8, 2021, Vaxxen distributed 99% isopropyl alcohol, including to Illinois residents.

6.      On and before September 8, 2021, Vaxxen advertised its 99% isopropyl alcohol in Illinois.

7.      On and before September 8, 2021, Vaxxen knew that its 99% isopropyl alcohol was used as a fuel source.

8.      On and before September 8, 2021, Vaxxen was aware that its 99% isopropyl alcohol was advertised for use in fire pits.

9.      On and before September 8, 2021, Vaxxen was aware that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

10.     On and before September 8, 2021, Vaxxen knew or should have known of the risk of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

11.     On and before September 8, 2021, Vaxxen knew or should have known of the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

12.     In August 2021, Rivka and Michael Benjamin purchased a Colsen fire pit.

13.     On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

14.     On or about September 8, 2021, Michael was using the Colsen fire pit according to instructions.

19

15. On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with Vaxxen's 99% isopropyl alcohol.

16. On or about September 8, 2021, an explosion occurred while Michael was fueling the Colsen fire pit.

17. On or about September 8, 2021, Michael was injured because of the explosion.

18. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the phenomenon of flame jetting as it related to fueling the fire pit.

19. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using 99% isopropyl alcohol to fuel the fire pit.

20. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using fuel containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

21. On and before September 8, 2021, Vaxxen should have warned against fueling fire pits with 99% isopropyl alcohol.

22. At the times alleged, Vaxxen was negligent in one or more of the following respects:

    a. Selling and distributing 99% isopropyl alcohol in a container without a flame arrestor; or

    b. Selling and distributing 99% isopropyl alcohol without adequate or proper instructions or warnings.

23. As a proximate cause of the one or more of the aforesaid negligent acts or omissions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been

20

damaged in his capacity to earn.

24. At all times alleged, Rivka Benjamin was married to Michael.

25. As a proximate cause of one or more of the aforesaid negligent acts or omissions, Rivka Benjamin has been deprived of the society, companionship and support of her husband, Michael.

WHEREFORE Plaintiff Rivka Benjamin demands judgment against the Vaxxen Labs, Incorporated., in an amount of in excess of Fifty Thousand Dollars.

## COUNT IX

(Kalman Michael Benjamin - Strict Liability - MedLab International Inc.)

Now Comes Plaintiff Kalman Michael Benjamin (hereafter Michael), complaining of MedLab International Inc. (hereafter MedLab), pleading hypothetically and in the alternative, states as follows.

1. On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2. On and before September 8, 2021, MedLab was a foreign corporation doing business in Cook County, Illinois.

3. On or about September 8, 2021, MedLab manufactured 99% isopropyl alcohol.

4. On and before September 8, 2021, MedLab packaged 99% isopropyl alcohol in one-gallon containers.

5. On and before September 8, 2021, MedLab distributed 99% isopropyl alcohol, including to Illinois residents.

6. On and before September 8, 2021, MedLab advertised its 99% isopropyl alcohol in Illinois.

21

FILED DATE: 11/18/2022 1:30 PM 2022L010364

FILED DATE: 11/18/2022 1:30 PM    2022L010364

7.     On and before September 8, 2021, MedLab approved of its 99% isopropyl alcohol as a fuel source.

8.     On and before September 8, 2021, MedLab was aware that its 99% isopropyl alcohol was advertised for use in fire pits.

9.     On and before September 8, 2021, MedLab knew or should have known that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

10.     On and before September 8, 2021, MedLab knew or should have known of the risk of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

11.     On and before September 8, 2021, MedLab knew or should have known about the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

12.     Before September 8, 2021, Michael purchased MedLab's 99% isopropyl alcohol for use in a Colsen fire pit.

13.     On or about September 8, 2021, Michael was using the Colsen fire pit as intended and in a manner which was reasonably foreseeable.

14.     On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with MedLab's 99% isopropyl alcohol.

15.     On or about September 8, 2021, an explosion occurred while Michael was fueling the fire pit.

16.     On or about September 8, 2021, Michael was injured because of the explosion.

17.     At the times alleged, the MedLab isopropyl alcohol was unreasonably dangerous in one or more the following respects:

22

FILED DATE: 11/18/2022 1:30 PM    2022L010364

a.   It was sold and distributed in a container without a flame arrestor; or

b.   It was sold and distributed for use as a fuel source, including in fire pits; or

c.   It was sold and distributed without adequate or proper warnings or instructions.

18.   As a proximate cause of the one or more of the aforesaid unreasonably dangerous conditions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

WHEREFORE, Plaintiff Kalman Michael Benjamin demands judgment against MedLab International Inc. in an amount of in excess of Fifty Thousand Dollars.

## COUNT X

(Rivka Benjamin - Strict Liability - MedLab International Inc.)

Now Comes Plaintiff Rivka Benjamin, complaining of MedLab International Inc. (hereafter MedLab), pleading hypothetically and in the alternative, states as follows.

1.   On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2.   On and before September 8, 2021, MedLab was a foreign corporation doing business in Cook County, Illinois.

3.   On or about September 8, 2021, MedLab manufactured 99% isopropyl alcohol.

4.   On and before September 8, 2021, MedLab packaged 99% isopropyl alcohol in one-gallon containers.

5.   On and before September 8, 2021, MedLab distributed 99% isopropyl alcohol, including to Illinois residents.

23

FILED DATE: 11/18/2022 1:30 PM   2022L010364

6.    On and before September 8, 2021, MedLab advertised its 99% isopropyl alcohol in Illinois.

7.    On and before September 8, 2021, MedLab approved of its 99% isopropyl alcohol as a fuel source.

8.    On and before September 8, 2021, MedLab was aware that its 99% isopropyl alcohol was advertised for use in fire pits.

9.    On and before September 8, 2021, MedLab knew or should have known that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

10.    On and before September 8, 2021, MedLab knew or should have known of the risk of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

11.    On and before September 8, 2021, MedLab knew or should have known about the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

12.    Before September 8, 2021, Michael purchased MedLab's 99% isopropyl alcohol for use in a Colsen fire pit.

13.    On or about September 8, 2021, Michael was using the Colsen fire pit as intended and in a manner which was reasonably foreseeable.

14.    On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with MedLab's 99% isopropyl alcohol.

15.    On or about September 8, 2021, an explosion occurred while Michael was fueling the fire pit.

16.    On or about September 8, 2021, Michael was injured because of the explosion.

24

FILED DATE: 11/18/2022 1:30 PM    2022L010364

17.     At the times alleged, the MedLab isopropyl alcohol was unreasonably dangerous in one or more the following respects:

    a.     It was sold and distributed in a container without a flame arrestor; or

    b.     It was sold and distributed for use as a fuel source, including in fire pits; or

    c.     It was sold and distributed without adequate or proper warnings or instructions.

18.     As a proximate cause of the one or more of the aforesaid unreasonably dangerous conditions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

19.     At all times alleged, Rivka Benjamin was married to Michael.

20.     As a proximate cause of one or more of the aforesaid unreasonably dangerous conditions, Rivka Benjamin has been deprived of the society, companionship and support of her husband, Michael.

WHEREFORE Plaintiff Rivka Benjamin demands judgment against MedLab International Inc. in an amount of in excess of Fifty Thousand Dollars.

<u>COUNT XI</u>

(Kalman Michael Benjamin - Negligence - MedLab International Inc.)

Now Comes Plaintiff Kalman Michael Benjamin (hereafter Michael), complaining of MedLab International Inc. (hereafter MedLab), pleading hypothetically and in the alternative, states as follows.

1.     On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

FILED DATE: 11/18/2022 1:30 PM 2022L010364

2.      On and before September 8, 2021, MedLab was a foreign corporation doing business in Cook County, Illinois.

3.      On or about September 8, 2021, MedLab manufactured 99% isopropyl alcohol.

4.      On and before September 8, 2021, MedLab packaged 99% isopropyl alcohol in one-gallon containers.

5.      On and before September 8, 2021, MedLab distributed 99% isopropyl alcohol, including to Illinois residents.

6.      On and before September 8, 2021, MedLab advertised its 99% isopropyl alcohol in Illinois.

7.      On and before September 8, 2021, MedLab approved of its 99% isopropyl alcohol as a fuel source.

8.      On and before September 8, 2021, MedLab was aware that its 99% isopropyl alcohol was advertised for use in fire pits.

9.      On and before September 8, 2021, MedLab was aware that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

10.     On and before September 8, 2021, MedLab knew or should have known of the risk of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

11.     On and before September 8, 2021, MedLab knew or should have known about the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

12.     In August 2021, Rivka and Michael Benjamin purchased a Colsen fire pit.

13.     On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

26

FILED DATE: 11/18/2022 1:30 PM 2022L010364

14. On or about September 8, 2021, Michael was using the Colsen fire pit according to instructions.

15. On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with MedLab's 99% isopropyl alcohol.

16. On or about September 8, 2021, an explosion occurred while Michael was fueling the Colsen fire pit.

17. On or about September 8, 2021, Michael was injured because of the explosion.

18. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the phenomenon of flame jetting as it related to fueling the fire pit.

19. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using 99% isopropyl alcohol to fuel the fire pit.

20. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using fuel containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

21. On or about September 8, 2021, MedLab should have warned against fueling fire pits with 99% isopropyl alcohol.

22. At the times alleged, MedLab was negligent in one or more the following respects:

    a. Selling and distributing 99% isopropyl alcohol in a container without a flame arrestor; or

    b. Selling and distributing 99% isopropyl alcohol without adequate or proper instructions or warnings.

23. As a proximate cause of the one or more of the aforesaid negligent acts or omissions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and

27

will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

WHEREFORE, Plaintiff Kalman Michael Benjamin demands judgment against MedLab International Inc. in an amount of in excess of Fifty Thousand Dollars.

## COUNT XII

(Rivka Benjamin - Negligence - MedLab International Inc.)

Now Comes Plaintiff Rivka Benjamin, complaining of MedLab International Inc. (hereafter MedLab), pleading hypothetically and in the alternative, states as follows.

1. On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2. On and before September 8, 2021, MedLab was a foreign corporation doing business in Cook County, Illinois.

3. On or about September 8, 2021, MedLab manufactured 99% isopropyl alcohol.

4. On and before September 8, 2021, MedLab packaged 99% isopropyl alcohol in one-gallon containers.

5. On and before September 8, 2021, MedLab distributed 99% isopropyl alcohol, including to Illinois residents.

6. On and before September 8, 2021, MedLab advertised its 99% isopropyl alcohol in Illinois.

7. On and before September 8, 2021, MedLab approved of its 99% isopropyl alcohol as a fuel source.

8. On and before September 8, 2021, MedLab was aware that its 99% isopropyl alcohol was advertised for use in fire pits.

28

9.  On and before September 8, 2021, MedLab was aware that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

10.  On and before September 8, 2021, MedLab knew or should have known of the risk of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

11.  On and before September 8, 2021, MedLab knew or should have known about the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

12.  In August 2021, Rivka and Michael Benjamin purchased a Colsen fire pit.

13.  On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

14.  On or about September 8, 2021, Michael was using the Colsen fire pit according to instructions.

15.  On or about September 8, 2021, Michael attempted to fuel the Colsen fire pit with MedLab's 99% isopropyl alcohol.

16.  On or about September 8, 2021, an explosion occurred while Michael was fueling the Colsen fire pit.

17.  On or about September 8, 2021, Michael was injured because of the explosion.

18.  On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the phenomenon of flame jetting as it related to fueling the fire pit.

19.  On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using 99% isopropyl alcohol to fuel the fire pit.

20.  On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using fuel containers without flame arrestors or some other mechanism to eliminate

29

the risk of flame jetting.

21.    On or about September 8, 2021, MedLab should have warned against fueling fire pits with 99% isopropyl alcohol.

22.    At the times alleged, MedLab was negligent in one or more the following respects:

    a.    Selling and distributing 99% isopropyl alcohol in a container without a flame arrestor; or

    b.    Selling and distributing 99% isopropyl alcohol without adequate or proper instructions or warnings.

23.    As a proximate cause of the one or more of the aforesaid negligent acts or omissions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

24.    At all times alleged, Rivka Benjamin was married to Michael.

25.    As a proximate cause of one or more of the aforesaid negligent acts or omissions, Rivka Benjamin has been deprived of the society, companionship, and support of her husband Michael.

WHEREFORE Plaintiff Rivka Benjamin demands judgment against MedLab International Inc. in an amount of in excess of Fifty Thousand Dollars.

## COUNT XIII

(Kalman Michael Benjamin - Strict Liability - Amazon.Com Services, LLC
f/k/a Amazon.Com, LLC and Amazon.Com, Inc.)

Now Comes Plaintiff Kalman Michael Benjamin (hereafter Michael), complaining of Amazon.Com Services, LLC f/k/a Amazon.Com, LLC and Amazon.Com, Inc. (hereafter collectively Amazon), pleading hypothetically and in the alternative, states as follows.

30

FILED DATE: 11/18/2022 1:30 PM    2022L010364

1. On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2. On and before September 8, 2021, Amazon was a foreign corporation doing business in Cook County, Illinois.

3. On and before September 8, 2021, Amazon advertised Colsen fire pits to Illinois residents.

4. On and before September 8, 2021, Amazon advertised 99% isopropyl alcohol to Illinois residents.

5. On and before September 8, 2021, Amazon sold and distributed Colsen fire pits to Illinois residents.

6. On and before September 8, 2021, Amazon sold and distributed Vaxxen 99% isopropyl alcohol to Illinois residents.

7. On and before September 8, 2021, Amazon sold and distributed MedLab 99% isopropyl alcohol to Illinois residents.

8. On and before September 8, 2021, Amazon advertised 99% isopropyl alcohol for use in Colsen fire pits.

9. On and before September 8, 2021, Amazon published instructions and warnings for the use of Colsen fire pits.

10. On and before September 8, 2021, Amazon published recommendations for the use of isopropyl alcohol as a fuel source.

11. On and before September 8, 2021, Amazon maintained a product safety department.

12. On and before September 8, 2021, Amazon knew or should have known that 99%

31

isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

13.     On and before September 8, 2021, Amazon knew or should have known of the risk of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

14.     On and before September 8, 2021, Amazon knew or should have known about the dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

15.     Before September 8, 2021, Amazon sold and distributed a Colsen fire pit to Michael and Rivka Benjamin.

16.     Before September 8, 2021, Amazon sold and distributed 99% isopropyl alcohol to Michael.

17.     On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

18.     On or about September 8, 2021, Michael attempted to fuel the fire pit with 99% isopropyl alcohol.

19.     On or about September 8, 2021, an explosion occurred while Michael was fueling the fire pit.

20.     On or about September 8, 2021, Michael was injured because of the explosion.

21.     At the times alleged, Amazon sold and distributed a fire pit that was unreasonably dangerous in one or more of the following respects:

      a.     It utilized an unsafe combustion source; or

      b.     It lacked safety features to prevent fire or explosion during fueling; or

      c.     It lacked adequate or proper instructions or warnings.

32

FILED DATE: 11/18/2022 1:30 PM    2022L010364

22.     At the times alleged, Amazon sold and distributed 99% isopropyl alcohol that was unreasonably dangerous in one or more of the following respects:

    a.     It was sold and distributed in a container without a flame arrestor; or

    b.     It was sold and distributed as a fuel source, including for use in firepits; or

    c.     It lacked adequate or proper instructions or warnings.

23.     As a proximate cause of the one or more of the aforesaid unreasonably dangerous conditions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

WHEREFORE, Plaintiff Kalman Michael Benjamin demands judgment against Amazon.Com Services, LLC f/k/a Amazon.Com, LLC and Amazon.Com, Inc. in an amount of in excess of Fifty Thousand Dollars.

## COUNT XIV

(Rivka Benjamin - Strict Liability - Amazon.Com Services, LLC f/k/a Amazon.com, LLC and Amazon.Com, Inc.)

Now Comes Plaintiff Rivka Benjamin, complaining of Amazon.Com Services, LLC f/k/a Amazon.com, LLC and Amazon.Com, Inc. (hereafter collectively Amazon), pleading hypothetically and in the alternative, states as follows.

1.     On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2.     On and before September 8, 2021, Amazon was a foreign corporation doing business in Cook County, Illinois.

3.     On and before September 8, 2021, Amazon advertised Colsen fire pits to Illinois

33

FILED DATE: 11/18/2022 1:30 PM 2022L010364

residents.

4. On and before September 8, 2021, Amazon advertised 99% isopropyl alcohol to Illinois residents.

5. On and before September 8, 2021, Amazon sold and distributed Colsen fire pits to Illinois residents.

6. On and before September 8, 2021, Amazon sold and distributed Vaxxen 99% isopropyl alcohol to Illinois residents.

7. On and before September 8, 2021, Amazon sold and distributed MedLab 99% isopropyl alcohol to Illinois residents.

8. On and before September 8, 2021, Amazon advertised 99% isopropyl alcohol for use in Colsen fire pits.

9. On and before September 8, 2021, Amazon published instructions and warnings for the use of Colsen fire pits.

10. On and before September 8, 2021, Amazon published recommendations for the use of isopropyl alcohol as a fuel source.

11. On and before September 8, 2021, Amazon maintained a product safety department.

12. On and before September 8, 2021, Amazon knew or should have known that 99% isopropyl alcohol was highly flammable and not suitable compared to other equally acceptable fuel sources.

13. On and before September 8, 2021, Amazon knew or should have known of the risk of flame jetting explosions occurring because of fuel vapor trails igniting from heated fire pits.

14. On and before September 8, 2021, Amazon knew or should have known about the

34

dangers of fueling fire pits from containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

15. Before September 8, 2021, Amazon sold and distributed a Colsen fire pit to Michael and Rivka Benjamin.

16. Before September 8, 2021, Amazon sold and distributed 99% isopropyl alcohol to Michael.

17. On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

18. On or about September 8, 2021, Michael attempted to fuel the fire pit with 99% isopropyl alcohol.

19. On or about September 8, 2021, an explosion occurred while Michael was fueling the fire pit.

20. On or about September 8, 2021, Michael was injured because of the explosion.

21. At the times alleged, Amazon sold and distributed a fire pit that was unreasonably dangerous in one or more of the following respects:

    a. It utilized an unsafe combustion source; or

    b. It lacked safety features to prevent fire or explosion during fueling; or

    c. It lacked adequate or proper instructions or warnings.

22. At the times alleged, Amazon sold and distributed 99% isopropyl alcohol that was unreasonably dangerous in one or more of the following respects:

    a. It was sold and distributed in a container without a flame arrestor; or

    b. It was sold and distributed as a fuel source, including for use in firepits; or

    c. It lacked adequate or proper instructions or warnings.

FILED DATE: 11/18/2022 1:30 PM    2022L010364

23.    As a proximate cause of the one or more of the aforesaid unreasonably dangerous conditions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

24.    At all times alleged, Rivka Benjamin was married to Michael.

25.    As a proximate cause of one or more of the aforesaid unreasonably dangerous conditions, Rivka Benjamin has been deprived of the society, companionship and support of her husband, Michael.

WHEREFORE Plaintiff Rivka Benjamin demands judgment against the Amazon.Com Services, LLC f/k/a Amazon.Com, LLC and Amazon.Com, Inc. in an amount of in excess of Fifty Thousand Dollars.

## COUNT XV

(Kalman Michael Benjamin - Negligence - Amazon.Com Services, LLC
f/k/a Amazon.Com, LLC and Amazon.Com, Inc.)

Now Comes Plaintiff Kalman Michael Benjamin (hereafter Michael), complaining of Amazon.Com Services, LLC f/k/a Amazon.Com, LLC and Amazon.Com, Inc. (hereafter collectively Amazon), pleading hypothetically and in the alternative, states as follows.

1.    On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2.    On and before September 8, 2021, Amazon was a foreign corporation doing business in Cook County, Illinois.

3.    On and before September 8, 2021, Amazon advertised Colsen fire pits to Illinois residents.

36

4. On and before September 8, 2021, Amazon sold and distributed Colsen fire pits to Illinois residents.

5. On and before September 8, 2021, Amazon advertised 99% isopropyl alcohol to Illinois residents.

6. On and before September 8, 2021, Amazon sold and distributed Vaxxen 99% isopropyl alcohol to Illinois residents.

7. On and before September 8, 2021, Amazon sold and distributed MedLab 99% isopropyl alcohol to Illinois residents.

8. On and before September 8, 2021, Amazon advertised 99% isopropyl alcohol for use in Colsen fire pits.

9. On and before September 8, 2021, Amazon published instructions and warnings for the use of Colsen fire pits.

10. On and before September 8, 2021, Amazon published recommendations for the use of isopropyl alcohol as a fuel source.

11. On and before September 8, 2021, Amazon maintained a product safety department.

12. On and before September 8, 2021, Amazon knew or should have known that 99% isopropyl alcohol was highly inflammable and not suitable compared to other equally acceptable fuel sources.

13. On and before September 8, 2021, Amazon knew or should have known of the risk of flame jetting explosions occurring because of vapor trails igniting from heated fire pits.

14. On and before September 8, 2021, Amazon knew or should have known about the dangers of fueling fire pits from containers without a flame arrestor or some other mechanism to

37

eliminate the risk of flame jetting.

15. Before September 8, 2021, Amazon sold and distributed a Colsen fire pit to Michael and Rivka Benjamin.

16. Before September 8, 2021, Amazon sold and distributed 99% isopropyl alcohol to Michael.

17. On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

18. On or about September 8, 2021, Michael attempted to fuel the fire pit with 99% isopropyl alcohol.

19. On or about September 8, 2021, an explosion occurred while Michael was fueling the fire pit.

20. On or about September 8, 2021, Michael was injured because of the explosion.

21. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the phenomenon of flame jetting as it related to fueling fire pits.

22. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using 99% isopropyl alcohol to fuel the firepit.

23. On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using fuel containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

24. On and before September 8, 2021, Amazon should have warned against fueling fire pits with 99% isopropyl alcohol.

25. On and before September 8, 2021, Amazon should have warned against using fuel containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

38

FILED DATE: 11/18/2022 1:30 PM    2022L010364

26.     At the times alleged, Amazon was negligent in one or more of the following respects:

    a.    Selling and distributing a fire pit that utilized an unsafe combustion source; or

    b.    Selling and distributing a fire pit that lacked safety features to prevent fire or explosion during refueling; or

    c.    Selling and distributing a fire pit that lacked adequate or proper instructions or warnings; or

    d.    Selling and distributing 99% isopropyl alcohol in a container without a flame arrestor; or

    e.    Selling and distributing 99% isopropyl alcohol as a fuel source, including for use in firepits; or

    f.    Selling and distributing 99% isopropyl alcohol without adequate or proper instructions or warnings.

27.     As a proximate cause of the one or more of the aforesaid negligent acts or omissions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

WHEREFORE, Plaintiff Kalman Michael Benjamin demands judgment against Amazon.Com Services, LLC f/k/a Amazon.Com, LLC and Amazon.Com, Inc. in an amount of in excess of Fifty Thousand Dollars.

## COUNT XVI

(Rivka Benjamin - Negligence - Amazon.Com Services, LLC f/k/a Amazon.Com, LLC and Amazon.Com, Inc.)

39

FILED DATE: 11/18/2022 1:30 PM 2022L010364

Now Comes Plaintiff Rivka Benjamin, complaining of Amazon.Com Services, LLC f/k/a Amazon.Com, LLC and Amazon.Com, Inc. (hereafter collectively Amazon), pleading hypothetically and in the alternative, states as follows.

1. On or about September 8, 2021, Michael was a resident of Evanston, Cook County, Illinois.

2. On and before September 8, 2021, Amazon was a foreign corporation doing business in Cook County, Illinois.

3. On and before September 8, 2021, Amazon advertised Colsen fire pits to Illinois residents.

4. On and before September 8, 2021, Amazon sold and distributed Colsen fire pits to Illinois residents.

5. On and before September 8, 2021, Amazon advertised 99% isopropyl alcohol to Illinois residents.

6. On and before September 8, 2021, Amazon sold and distributed Vaxxen 99% isopropyl alcohol to Illinois residents.

7. On and before September 8, 2021, Amazon sold and distributed MedLab 99% isopropyl alcohol to Illinois residents.

8. On and before September 8, 2021, Amazon advertised 99% isopropyl alcohol for use in Colsen fire pits.

9. On and before September 8, 2021, Amazon published instructions and warnings for the use of Colsen fire pits.

10. On and before September 8, 2021, Amazon published recommendations for the use of isopropyl alcohol as a fuel source.

40

FILED DATE: 11/18/2022 1:30 PM    2022L010364

11.    On and before September 8, 2021, Amazon maintained a product safety department.

12.    On and before September 8, 2021, Amazon knew or should have known that 99% isopropyl alcohol was highly inflammable and not suitable compared to other equally acceptable fuel sources.

13.    On and before September 8, 2021, Amazon knew or should have known of the risk of flame jetting explosions occurring because of vapor trails igniting from heated fire pits.

14.    On and before September 8, 2021, Amazon knew or should have known about the dangers of fueling fire pits from containers without a flame arrestor or some other mechanism to eliminate the risk of flame jetting.

15.    Before September 8, 2021, Amazon sold and distributed a Colsen fire pit to Michael and Rivka Benjamin.

16.    Before September 8, 2021, Amazon sold and distributed 99% isopropyl alcohol to Michael.

17.    On or about September 8, 2021, Michael was using the Colsen fire pit in a manner which was intended, and which was reasonably foreseeable.

18.    On or about September 8, 2021, Michael attempted to fuel the fire pit with 99% isopropyl alcohol.

19.    On or about September 8, 2021, an explosion occurred while Michael was fueling the fire pit.

20.    On or about September 8, 2021, Michael was injured because of the explosion.

21.    On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the phenomenon of flame jetting as it related to fueling fire pits.

FILED DATE: 11/18/2022 1:30 PM    2022L010364

22.     On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using 99% isopropyl alcohol to fuel the firepit.

23.     On or about September 8, 2021, Michael and Rivka Benjamin were not aware of the dangers of using fuel containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

24.     On and before September 8, 2021, Amazon should have warned against fueling fire pits with 99% isopropyl alcohol.

25.     On and before September 8, 2021, Amazon should have warned against using fuel containers without flame arrestors or some other mechanism to eliminate the risk of flame jetting.

26.     At the times alleged, Amazon was negligent in one or more of the following respects:

      a.    Selling and distributing a fire pit that utilized an unsafe combustion source; or

      b.    Selling and distributing a fire pit that lacked safety features to prevent fire or explosion during refueling; or

      c.    Selling and distributing a fire pit that lacked adequate or proper instructions or warnings; or

      d.    Selling and distributing 99% isopropyl alcohol in a container without a flame arrestor; or

      e.    Selling and distributing 99% isopropyl alcohol as a fuel source, including for use in firepits; or

      f.    Selling and distributing 99% isopropyl alcohol without adequate or proper instructions or warnings.

27.     As a proximate cause of the one or more of the aforesaid negligent acts or omissions, Michael was injured; he has endured and will in the future endure pain and suffering; he has become disfigured and disabled; he has suffered a loss of a normal life; he has incurred and

42

will in the future incur medical and rehabilitation expenses; he has lost earnings and has been damaged in his capacity to earn.

28. At all times alleged, Rivka Benjamin was married to Michael.

29. As a proximate cause of one or more of the aforesaid negligent acts or omissions, Rivka Benjamin has been deprived of the society, companionship and support of her husband, Michael.

WHEREFORE Plaintiff Rivka Benjamin demands judgment against the Amazon.Com Services, LLC f/k/a Amazon.Com, LLC and Amazon.Com, Inc. in an amount of in excess of Fifty Thousand Dollars.

Respectfully submitted,

**POWER ROGERS, LLP**

By: _____
Thomas G. Siracusa

Joseph A. Power, Jr.
Thomas G. Siracusa
Power Rogers, LLP
70 West Madison Street, Suite 5500
Chicago, Illinois 60602
Telephone: (312) 236-9381
E-Mail: jpower@powerrogers.com
E-Mail: tsiracusa@powerrogers.com
Attorney Firm No. 65400

43

FILED DATE: 11/18/2022 1:30 PM   2022L010364

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

Kalman Michael Benjamin and
Rivka Benjamin,

Plaintiffs,

v.

Gusar LLC, Vaxxen Labs Incorporated,
MedLab International Inc., Amazon.Com Services, LLC
f/k/a Amazon.Com, LLC and Amazon.Com, Inc.,

Defendants.

## AFFIDAVIT

Thomas G. Siracusa, being first duly sworn on oath, states:

1. I am one of the attorneys for plaintiffs in the above cause of action.

2. The money damages sought in this cause of action are in excess of Fifty Thousand Dollars ($50,000.00).

FURTHER AFFIANT SAYETH NOT.

_____
Thomas G. Siracusa

Subscribed and sworn to before me this
18th day of November 2022.

_____
NOTARY PUBLIC

OFFICIAL SEAL
RITA SARRAFIAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/13/23

Joseph A. Power, Jr.
Thomas G. Siracusa
Power Rogers, LLP
70 West Madison Street, Suite 5500
Chicago, Illinois 60602
Telephone: (312) 236-9381
E-Mail: tsiracusa@powerrogers.com
E-Mail: jpower@powerrogers.com
Attorney ID #65400
*Attorneys for Plaintiff*

44

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

Kalman Michael Benjamin and
Rivka Benjamin,

                    Plaintiffs,

      v.

Gusar LLC, Vaxxen Labs Incorporated,
MedLab International Inc., Amazon.Com Services, LLC
f/k/a Amazon.Com, LLC and Amazon.Com, Inc.,

                  Defendants.

## JURY DEMAND

Plaintiffs demand a jury trial.


Respectfully submitted,

**POWER ROGERS, LLP**


By: _____
          Thomas G. Siracusa

Joseph A. Power, Jr.
Thomas G. Siracusa
Power Rogers, LLP
70 West Madison Street, Suite 5500
Chicago, Illinois 60602
Telephone: (312) 236-9381
E-Mail: tsiracusa@powerrogers.com;
E-Mail: jpower@powerrogers.com
Attorney ID #65400
*Attorneys for Plaintiff*

45